FILED
CLERK, U.S. DISTRICT COURT
-5 DEC 03 PM 4:31
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

GARY L. JOHNSON [4353]
MARTHA KNUDSON [8512]
RICHARDS, BRANDT, MILLER & NELSON
Key Bank Tower, Seventh Floor
50 South Main Street
P.O. Box 2465
Salt Lake City, Utah 84110-2465
Telephone: (801) 531-2000
Fax No.: (801) 532-5506

*Attorneys for Defendants American International Surplus Lines Agency, Inc.,
and AIG Technical Services, Inc.*

---

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| TRENTON FEED COOPERATIVE, a Utah corporation; PLANTERS COTTON OIL MILL, INC., an Arkansas corporation,<br><br>    Plaintiffs,<br><br>vs.<br><br>AMERICAN INTERNATIONAL GROUP, INC., a Delaware corporation; AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, an Alaska corporation; AMERICAN INTERNATIONAL SURPLUS LINES AGENCY, INC., a New Jersey corporation; AIG TECHNICAL SERVICES, INC., a Delaware corporation; and AG STATES AGENCY, L.L.C., a Minnesota limited liability company,<br><br>    Defendants. | **ANSWER OF DEFENDANTS AMERICAN INTERNATIONAL SURPLUS LINES AGENCY, INC., AND AIG TECHNICAL SERVICES, INC.**<br><br><br>Civil No.:  1:03-CV-131<br><br>Judge:  Ted Stewart |



Defendants American International Surplus Lines Agency, Inc., and AIG Technical Services, Inc. (hereinafter collectively referred to as "these defendants"), by and through their counsel of record, Gary L. Johnson and Martha Knudson of RICHARDS, BRANDT, MILLER & NELSON, answer the Complaint filed against them as follows:

## FIRST DEFENSE

With respect to the specific numbered paragraphs in the Complaint, these defendants admit, deny and allege as follows:

1.      These defendants admit.

2.      These defendants admit that Planters is an Arkansas corporation with its principal place of business in the State of Arkansas, but these defendants lack sufficient knowledge or information to admit or deny the truth or falsity of the remainder of the allegations in this paragraph and on that basis, these defendants deny.

3.      These defendants admit.

4.      These defendants admit.

5.      These defendants admit only that American International Surplus Lines Agency is a New Jersey corporation with its principal place of business in New Jersey, and these defendants deny the remainder of the allegations in this paragraph.

6.      These defendants admit that AIG Technical Services, Inc., is a Delaware corporation with its principal place of business in the State of New York, that AIG Technical

2

Services is registered to do business in the State of Utah, and these defendants deny the remainder of the allegations in this paragraph.

7.    These defendants admit only that plaintiff has chosen to refer to separate defendants as "AIG" in the Complaint, and these defendants deny that the companies are agents for each other.

8.    These defendants admit that Ag States Agency is a Minnesota limited liability company with its principal place of business in the State of Minnesota, and these defendants lack sufficient knowledge or information to admit or deny the truth or falsity of the remainder of the allegations in this paragraph and on that basis, theses defendants deny.

9.    Theses defendants admit only that jurisdiction was proper in Utah state court and this case has now been removed to United States District Court.

10.    These defendants admit that venue of this action would have been proper in Utah state court and that venue of this action is proper in United States District Court for the District of Utah, Northern Division.

11.    These defendants admit.

12.    These defendants lack sufficient knowledge or information to admit or deny the truth or falsity of the allegations in this paragraph and on that basis, these defendants deny.

13.     These defendants lack sufficient knowledge or information to admit or deny the truth or falsity of the allegations in this paragraph and on that basis, these defendants deny.

14.     These defendants lack sufficient knowledge or information to admit or deny the truth or falsity of the allegations in this paragraph and on that basis, these defendants deny.

15.     These defendants lack sufficient knowledge or information to admit or deny the truth or falsity of the allegations in this paragraph and on that basis, these defendants deny.

16.     These defendants lack sufficient knowledge or information to admit or deny the truth or falsity of the allegations in this paragraph and on that basis, these defendants deny.

17.     These defendants lack sufficient knowledge or information to admit or deny the truth or falsity of the allegations in this paragraph and on that basis, these defendants deny.

18.     These defendants lack sufficient knowledge or information to admit or deny the truth or falsity of the allegations in this paragraph and on that basis, these defendants deny.

19.     These defendants lack sufficient knowledge or information to admit or deny the truth or falsity of the allegations in this paragraph and on that basis, these defendants deny.

20.     These defendants lack sufficient knowledge or information to admit or deny the truth or falsity of the allegations in this paragraph and on that basis, these defendants deny.

21.     These defendants lack sufficient knowledge or information to admit or deny the truth or falsity of the allegations in this paragraph and on that basis, these defendants deny.

22.     These defendants lack sufficient knowledge or information to admit or deny the truth or falsity of the allegations in this paragraph and on that basis, these defendants deny.

23.     These defendants lack sufficient knowledge or information to admit or deny the truth or falsity of the allegations in this paragraph and on that basis, these defendants deny.

24.     These defendants lack sufficient knowledge or information to admit or deny the truth or falsity of the allegations in this paragraph and on that basis, these defendants deny.

25.     These defendants lack sufficient knowledge or information to admit or deny the truth or falsity of the allegations in this paragraph and on that basis, these defendants deny.

26.     These defendants lack sufficient knowledge or information to admit or deny the truth or falsity of the allegations in this paragraph and on that basis, these defendants deny.

27.     These defendants lack sufficient knowledge or information to admit or deny the truth or falsity of the allegations in this paragraph and on that basis, these defendants deny.

28.     These defendants lack sufficient knowledge or information to admit or deny the truth or falsity of the allegations in this paragraph and on that basis, these defendants deny.

29.     These defendants lack sufficient knowledge or information to admit or deny the truth or falsity of the allegations in this paragraph and on that basis, these defendants deny.

30.     These defendants lack sufficient knowledge or information to admit or deny the truth or falsity of the allegations in this paragraph and on that basis, these defendants deny.

31.     These defendants lack sufficient knowledge or information to admit or deny the truth or falsity of the allegations in this paragraph and on that basis, these defendants deny.

32.     These defendants lack sufficient knowledge or information to admit or deny the truth or falsity of the allegations in this paragraph and on that basis, these defendants deny.

33.     These defendants lack sufficient knowledge or information to admit or deny the truth or falsity of the allegations in this paragraph and on that basis, these defendants deny.

34.     These defendants admit only that defendant American International Specialty Lines Insurance Company issued a contract of insurance to Trenton Feed, Agricultural Cooperatives Pollution Legal Liability Group Master Policy 2672583, Certificate Number 68, that the terms and conditions of that contract speak for themselves, that any on-site or off-site pollution costs would be subject to the terms, conditions and exclusions of the contract, and these defendants deny the remainder of the allegations in this paragraph to the extent they are inconsistent with the terms, conditions, and exclusions of that contract.

35.     These defendants admit only that Trenton Feed eventually tendered notice of a claim being made by the Utah Department of Environmental Quality, Division of

7

Environmental Response and Remediation and these defendants deny the remainder of the allegations in this paragraph.

36.     These defendants admit only that Trenton Feed may have provided some documents prepared by its consultants and these defendants are without sufficient knowledge or information to admit or deny the truth or falsity of the allegations in the second sentence and on that basis, these defendants deny.

37.     These defendants are without sufficient knowledge or information to admit or deny the truth or falsity of the allegations in this paragraph and on that basis, these defendants deny.

38.     These defendants deny.

39.     These defendants deny.

40.     These defendants are without sufficient knowledge or information to admit or deny the truth or falsity of the allegations in this paragraph and on that basis, these defendants deny.

41.     These defendants are without sufficient knowledge or information to admit or deny the truth or falsity of the allegations in this paragraph and on that basis, these defendants deny.

42.     These defendants are without sufficient knowledge or information to admit or deny the truth or falsity of the allegations in this paragraph and on that basis, these defendants deny.

43.     These defendants are without sufficient knowledge or information to admit or deny the truth or falsity of the allegations in this paragraph and on that basis, these defendants deny.

44.     These defendants are without sufficient knowledge or information to admit or deny the truth or falsity of the allegations in this paragraph and on that basis, these defendants deny.

45.     These defendants are without sufficient knowledge or information to admit or deny the truth or falsity of the allegations in this paragraph and on that basis, these defendants deny.

46.     These defendants are without sufficient knowledge or information to admit or deny the truth or falsity of the allegations in this paragraph and on that basis, these defendants deny.

47.     These defendants are without sufficient knowledge or information to admit or deny the truth or falsity of the allegations in this paragraph and on that basis, these defendants deny.

48.     These defendants are without sufficient knowledge or information to admit or deny the truth or falsity of the allegations in this paragraph and on that basis, these defendants deny.

49.     These defendants are without sufficient knowledge or information to admit or deny the truth or falsity of the allegations in this paragraph and on that basis, these defendants deny.

50.     These defendants are without sufficient knowledge or information to admit or deny the truth or falsity of the allegations in this paragraph and on that basis, these defendants deny.

51.     These defendants incorporate by reference their responses to the allegations in paragraphs 1 through 50 above.

52.     These defendants deny.

53.     These defendants deny.

54.     These defendants deny.

55.     These defendants deny.

56.     These defendants deny.

57.     These defendants deny.

58.     These defendants incorporate by reference their responses to the allegations in paragraphs 1 through 57 above.

59.     These defendants deny.

60.     These defendants deny.

61.     These defendants deny.

62.     These defendants deny.

63.     These defendants deny.

64.     These defendants deny.

65.     These defendants deny.

66.     These defendants incorporate by reference their responses to the allegations in paragraphs 1 through 65 above.

67.     These defendants deny.

68.     These defendants deny.

69.     These defendants deny.

70.     These defendants deny.

71.     These defendants incorporate by reference their responses to the allegations in paragraphs 1 through 70 above.

72.     The allegations in this paragraph are not directed at these defendants, but are directed at defendant Ag States Agency, and because of that these defendants lack sufficient knowledge or information to admit or deny the truth or falsity of the allegations in this paragraph and on that basis, these defendants deny.

73.     The allegations in this paragraph are not directed at these defendants, but are directed at defendant Ag States Agency, and because of that these defendants lack sufficient knowledge or information to admit or deny the truth or falsity of the allegations in this paragraph and on that basis, these defendants deny.

74.     The allegations in this paragraph are not directed at these defendants, but are directed at defendant Ag States Agency, and because of that these defendants lack sufficient knowledge or information to admit or deny the truth or falsity of the allegations in this paragraph and on that basis, these defendants deny.

75.     The allegations in this paragraph are not directed at these defendants, but are directed at defendant Ag States Agency, and because of that these defendants lack sufficient knowledge or information to admit or deny the truth or falsity of the allegations in this paragraph and on that basis, these defendants deny.

76.     The allegations in this paragraph are not directed at these defendants, but are directed at defendant Ag States Agency, and because of that these defendants lack sufficient knowledge or information to admit or deny the truth or falsity of the allegations in this paragraph and on that basis, these defendants deny.

77.     The allegations in this paragraph are not directed at these defendants, but are directed at defendant Ag States Agency, and because of that these defendants lack sufficient

knowledge or information to admit or deny the truth or falsity of the allegations in this paragraph and on that basis, these defendants deny.

78.     The allegations in this paragraph are not directed at these defendants, but are directed at defendant Ag States Agency, and because of that these defendants lack sufficient knowledge or information to admit or deny the truth or falsity of the allegations in this paragraph and on that basis, these defendants deny.

79.     The allegations in this paragraph are not directed at these defendants, but are directed at defendant Ag States Agency, and because of that these defendants lack sufficient knowledge or information to admit or deny the truth or falsity of the allegations in this paragraph and on that basis, these defendants deny.

80.     These defendants deny each and every factual allegation in paragraphs 1 through 70 not specifically admitted herein.

**SECOND DEFENSE**

Plaintiff Planters Cotton Oil Mill, Inc. lacks standing to bring this action.

**THIRD DEFENSE**

To the extent plaintiffs have failed to mitigate damages or avoid consequences, then plaintiffs' damages claims should be reduced and/or barred.

### FOURTH DEFENSE

Plaintiffs' claims against these defendants are barred by Utah Code Ann. § 31A-21-313, and Utah Code Ann. §§ 78-12-24, 25.

### FIFTH DEFENSE

To the extent that plaintiffs, as insureds or additional insureds or assignees, had notice of conditions, events or damages under claim number 182-046436, and failed to give timely notice to these defendants in accordance with express terms of the insurance contract, no coverage exists for such conditions, events or damages under the insurance contract.

### SIXTH DEFENSE

These defendants incorporate by reference all affirmative defenses in the Answer filed in this action by defendant American International Specialty Lines Insurance Company.

### SEVENTH DEFENSE

Plaintiffs claims of breach of the duty of good faith and fair dealing is effected and governed by the comparative fault provisions of the Utah Liability Reform Act, Utah Code Ann. §§ 78-27-37, *et seq.*

### EIGHTH DEFENSE

Plaintiffs' claims for punitive damages against this defendant are barred by the Fifth, Eighth and Fourteenth Amendments to the United States Constitution, and by Article I, Sections 7, 9, 22, 24 and 27 of the Utah Constitution.

## NINTH DEFENSE

The Sixth Amendment to the United States Constitution, and Article I, Section 10 of the Utah Constitution, prohibit any award of punitive damages unless there is a unanimous verdict.

## TENTH DEFENSE

Plaintiffs must prove each and every element of a punitive damage award by clear and convincing evidence.

## ELEVENTH DEFENSE

Utah Code Ann. § 76-3-302 cautions against awarding punitive damages in excess of $20,000 against a corporation or association.

## TWELFTH DEFENSE

Any punitive damage award is subject to the limitations and requirements of Utah Code Ann. § 78-18-1.

## THIRTEENTH DEFENSE

Under the provisions of Utah Code Ann. § 78-18-1, a portion of any punitive damage award may go to the State of Utah and, therefore, constitutes an excessive fine made unconstitutional under the Eighth Amendment of the United States Constitution, and Article I, Section 9 of the Utah Constitution.

## FOURTEENTH DEFENSE

These defendants are entitled to a bifurcation of the trial for compensatory and punitive damages to protect this defendant from prejudice, passion, and sympathy.

WHEREFORE, these defendants pray that judgment be entered in their favor for no cause of action on plaintiffs' Complaint and that these defendants be awarded their costs incurred in defense herein, and for such other and further legal and equitable relief as the Court deems just and proper under the circumstances.

DATED this ___ day of December, 2003.

RICHARDS, BRANDT, MILLER
& NELSON

_____
GARY L. JOHNSON
MARTHA KNUDSON

*Attorneys for Defendants American International Specialty Lines Insurance Company, American International Surplus Lines Agency, Inc., and AIG Technical Services, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing instrument was mailed, first-class, postage prepaid, on this __5th__ day of December, 2003, to the following:

Douglas J. Parry
Jennie B. Garner
PARRY ANDERSON & GARDINER
60 East South Temple, Suite 1270
Salt Lake City, Utah   84111

**Attorneys for Plaintiffs**

Michael Skolnick
KIPP AND CHRISTIAN
10 Exchange Place, Suite 400
Salt Lake City, Utah 84111

**Attorneys for Defendant Ag States Agency, L.L.C.**

G:\EDSI\DOCS\09263\0561\CU4508.WPD