RECEIVED CLERK
FILED
2003 DEC -8  P 5: 33

U.S. DISTRICT COURT
DISTRICT OF UTAH

GARY L. JOHNSON [4353]
MARTHA KNUDSON [8512]
RICHARDS, BRANDT, MILLER & NELSON
Key Bank Tower, Seventh Floor
50 South Main Street
P.O. Box 2465
Salt Lake City, Utah 84110-2465
Telephone: (801) 531-2000
Fax No.: (801) 532-5506

*Specially Appearing for Defendant American International Group, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| TRENTON FEED COOPERATIVE, a Utah corporation; PLANTERS COTTON OIL MILL, INC., an Arkansas corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICAN INTERNATIONAL GROUP, INC., a Delaware corporation; AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, an Alaska corporation; AMERICAN INTERNATIONAL SURPLUS LINES AGENCY, INC., a New Jersey corporation; AIG TECHNICAL SERVICES, INC., a Delaware corporation; and AG STATES AGENCY, L.L.C., a Minnesota limited liability company,<br><br>Defendants. | **AMERICAN INTERNATIONAL GROUP, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS (RULE 12(B)(2))**<br><br>Civil No.: 1.03-CV-131<br><br>Judge: Ted Stewart |



Defendant American International Group, Inc. ("AIG"), by special appearance of counsel, Gary L. Johnson and Martha Knudson of RICHARDS, BRANDT, MILLER & NELSON, brings this Motion to Dismiss under Federal Rules of Civil Procedure, Rule 12(b)(2) on the grounds that AIG lacks sufficient minimum contacts with Utah to allow this Court to exercise jurisdiction over it.

## I.     FACTUAL BACKGROUND.

On July 19, 2001, Trenton Feed Cooperative and Planters Cotton Oil Mill, Inc. ("Plaintiffs") filed a complaint against AIG, American International Specialty Lines Insurance Company ("ASLIC"), AIG Technical Services, Inc. ("AIGTS"), American International Surplus Lines Agency, Inc. ("AISLAI") , and  AG States Agency, LLC.  In the complaint, Plaintiffs improperly designate AISLIC, AIGTS, AISLAI and AIG as one defendant – referring to all as "AIG". (See Complaint, ¶ 7.) Plaintiffs bring three causes of action against AISLIC, AIGTS, AISLAI and AIG for breach of contract, bad faith, and breach of the  covenant of good faith and fair dealing.

The allegations for these causes of action include reference to either an insurance policy or an insured.  Yet, there is no allegation that AIG ever issued an insurance policy to Trenton Feed (or to anyone else), nor communicated with the insured in any manner.  The only proper defendant of those designated by Plaintiffs as "AIG" is AISLIC, the insurance company that actually issued the insurance policy to Trenton Feed.

2

As set forth more fully in the supporting affidavit filed herewith,, AIG is a holding company and AISLIC is one of its many subsidiaries. Affidavit ¶ 2. All of AIG's subsidiary companies, including AISLIC are corporate entities separate and distinct from AIG. Affidavit ¶ 3. Each subsidiary maintains its own books and records and has its own Board of Directors and officers. Affidavit ¶ 3. Trenton Feed does not allege that AISLIC is incapable of meeting its alleged obligations, nor has Trenton Feed alleged facts supporting any inference that AIG manages AISLIC's daily activities in any way.

In fact, AIG does not issue insurance policies or contracts. Affidavit ¶ 4. AIG does not negotiate and/or draft any insurance contracts issued by its subsidiaries. Affidavit ¶ 4. AIG is not an insurance company and never issued a policy to Trenton Feed, nor adjusted any claims submitted by Trenton Feed. Affidavit ¶4.

AIG is a foreign corporation and has never been authorized to transact business in Utah, does not transact any business in Utah, does not have any employees in Utah, and does not have a statutory agent in Utah. Accordingly, AIG is not subject to the jurisdiction of the courts of the State of Utah and the entire complaint should be dismissed as to AIG.

## II.   AIG IS NOT SUBJECT TO THE PERSONAL JURISDICTION OF THIS COURT.

Utah's long arm statute is coextensive with the limits of due process. Utah Code

3

Ann. § 78-27-22, *et seq.* Due process restrictions include both limitations on inconvenient litigation and territorial limitations on the powers of the states. A state may not "make binding a judgment *in personam* against an individual or corporate defendant with which the state has no contacts, ties, or relations." *International Shoe Co. v. Washington*, 326 U.S. 310 at 319, 66 S.Ct. 154 at 159.

> Even if the defendant would suffer minimal or no inconvenience from being forced to litigate before the tribunals of another State; even if the forum State has a strong interest in applying its law to the controversy; even if the forum State is the most convenient location for litigation, the Due Process Clause, acting as an instrument of interstate federalism, may sometimes act to divest the State of its power to render a valid judgment.

*World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 297 (1980), *citing Hanson v. Denckla,* 357 U.S. 235 at 251, 254, 78 S.Ct. 1228 at 1238.

For due process purposes, federal courts sitting in diversity may exercise personal jurisdiction over a nonresident defendant only so long as there exist minimum contacts between the defendant and the forum state. U.S.C.A. Const.Amend. 14.

When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff has the burden of establishing that minimum contact exists between defendant and the forum state to justify the imposition of personal jurisdiction. *Far West Capital, Inc. v. Towne*, 46 F.3d 1071 (10th Cir. 1995). To satisfy its burden, plaintiff must demonstrate by a preponderance of evidence that all jurisdictional criteria are met. *Soma Medical International v. Standard Charter Bank*, 196 F.3d 1292, 1295 (10th Cir. 1999). Plaintiff cannot merely rest on the bare allegation

in its unverified complaint; it must present facts, by affidavit or otherwise, supporting personal jurisdiction. Allegations contained in any affidavit must show facts and circumstances from which the ultimate fact sought to be proved may be deduced, an affidavit that recites only ultimate facts or conclusions of law is thus insufficient. *Id.*

In this matter, Plaintiffs cannot satisfy their burden of establishing this Court's jurisdiction over AIG.

### A.     AIG is Not Subject to General Jurisdiction.

A non-resident defendant may be subject to the general jurisdiction of the forum if his or her contact in the forum is a "substantial and continuous local activity." *See Arguello v. Woodworking Mach. Co.*, 838 P.2d 1120, 1122 (Utah 1992). General jurisdiction allows a court to exercise personal jurisdiction over a non-resident defendant even if a cause of action is not associated with the defendant's forum-related contacts. *Helicopteros Nationales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-415, 104 S.Ct. 1868, 1872 (1986). But, the forum-related contacts must be so wide ranging that they take the place of physical presence in the forum state.

The Utah Court of Appeal identified twelve factors to consider in determining whether general jurisdiction exists over a non-resident defendant:  whether the corporate defendant (1) is engaged in business in the state; (2) is licensed to do business in the state; (3) owns, leases or controls property in the sate; (4) maintains employees, offices, agents or bank accounts in the state; (5) is present in that shareholders reside in the state; (6) maintains phone or fax listings in

the sate; (7) advertises or solicits business in the state; (8) travels to the state by way of salespersons; (9) pays taxes in the state; (10) visits potential customers in the state; (11) recruits employees in the state; and (12) generates a substantial percentage of its national sales through revenues generated by Utah customers. *Buddensick v. Stateline hotel, Inc.*, 972 P.2d 928, 930-31 (Utah App. 1998).

In reviewing the *Buddensick* factors, general jurisdiction over AIG does not exist. AIG is a Delaware corporation with it principal place of business in New York. AIG (1) does not conduct business in Utah; (2) is not licensed to transact business in Utah; (3) does not own, lease or control property in Utah; (4) does not have any employees, offices, statutory agents or bank accounts in Utah; (5) does not have a telephone or fax listing in Utah; (6) does not travel to Utah through salespersons; (7) does not pay taxes in Utah; (8) does not visit potential custormers in the state; (9) does not recruit employees in the state; and (10) does not generate revenue through sales to Utah customers. Affidavit ¶ 5.

AIG is a publicly traded company, and shareholders may reside in Utah, though not in any greater percentage than in any other state. Likewise, as the holding company for numerous insurance subsidiaries, AIG conducts an international advertising campaign. Utah residents may have seen national advertisements sponsored by AIG, however no ads are directed solely at Utah residents. Affidavit ¶ 6.

Because AIG does not have "substantial and continuous local activity" within Utah, this

6

court cannot exercise general jurisdiction over AIG.

**B.     AIG is Not Subject to Specific Jurisdiction.**

Under Utah law, two factors are considered in determining whether personal jurisdiction exists: (1) whether any Utah law confers personal jurisdiction and (2), does the assertion of jurisdiction comport with the due process requirements of the Fourteenth Amendment. *D.A. v. State (In re W.A.)*, 63 P.3d 607, 612 (Utah 2002). In this instance, Plaintiffs have used the long-arm statute to effectuate service on AIG. However, AIG does not have the minimal contacts required by Utah Code Ann. § 78-27-22 and has not committed any of the enumerated acts in Utah Code Ann. § 78-27-24. However, even if jurisdiction were asserted pursuant to the long-arm statute, such jurisdiction would not comport with the Fourteenth Amendment.

Constitutional due process allows for specific jurisdiction in suits arising out of or related to the defendants' conduct within the forum. *See Burger King Corp. v. Rudzewicz* (1985) 471 U.S. 462, 472, 105 S. Ct. 2174, 2182. In other words, specific jurisdiction exists only when the defendant "purposely avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson, supra,* 357 U.S. at 253.

Mere "financial benefits accruing to the defendant from a collateral relation to the forum State will not support jurisdiction if they do not stem from a constitutionally cognizable contact with that State." *World Wide Volkswagon Corp., supra,* 444 U.S. at 299, citing *Kulko v. California Superior Court,* 436 U.S. at 94-95, 98 S.Ct. at 1698-1699 (1978). "[I]t is essential in

each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson, supra,* 357 U.S. at 253; *Burger King, supra* at 471 U.S. at 474-475.

AIG has not purposefully availed itself of the privilege of conducting activities in Utah or invoked the protections of its laws. AIG conducts no business in Utah and has no employees in Utah. Trenton Feed has not alleged any conduct by AIG in Utah in its complaint. Every cause of action involves the insurance policy issued by AISLIC and the handling of the claim. As AIG is not an insurance company, and did not issue the policy to Trenton Feed, the causes of action do not and can not arise from any activity of AIG in Utah. On that basis, the exercise of jurisdiction by a Utah court would not be reasonable. Trenton Feed has not established any of the requirements for specific jurisdiction.

Moreover, courts recognize that the mere presence of a subsidiary in the forum state is insufficient to establish personal jurisdiction over the parent corporation. *See e.g., Calvert v. Huckins,* 875 F.Supp. 674, 678 (E.D. Cal. 1995). Therefore, the fact that AISLIC, an AIG subsidiary, is a recognized surplus lines insurer and does business in the state of Utah does not convey specific jurisdiction over AIG.

Because the litigation does not arise from any of AIG's activities directed at Utah and because AIG has not purposefully availed itself of the privilege of conducting activities within Utah, this Court does not have specific jurisdiction over AIG.

8

## III. CONCLUSION

For all the foregoing reasons, AIG respectfully requests that this Court grant its motion to dismiss for lack of personal jurisdiction.

DATED this ___8th___ day of December, 2003.

                        RICHARDS, BRANDT, MILLER
                        & NELSON

                        _____
                        GARY L. JOHNSON
                        MARTHA KNUDSON

                        *Attorneys for Defendant American International Group, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing instrument was mailed, first-class, postage prepaid, on this _____ day of December, 2003, to the following:

>Douglas J. Parry
>Jennie B. Garner
>PARRY ANDERSON & GARDINER
>60 East South Temple, Suite 1270
>Salt Lake City, Utah 84111
>
>*Attorneys for Plaintiffs*
>
>Michael Skolnick
>KIPP AND CHRISTIAN
>10 Exchange Place, Suite 400
>Salt Lake City, Utah 84111
>
>*Attorneys for Defendant AG States Agency, L.L.C.*

_____

G:\EDSI\DOCS\09263\0561\CX6510.WPD

10